## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
--------------------------------------------------------X
R.C. BIGELOW INC.,                         :
                                           :          Civil Action No.
                    Plaintiff,             :
                                           :
          v.                               :          **COMPLAINT**
                                           :
DAVIDSONS, INC.,                           :
                                           :
                    Defendant.             :
--------------------------------------------------------X
```

Plaintiff R.C. BIGELOW INC. ("Bigelow"), for its complaint against Defendant DAVIDSONS, INC. ("Defendant"), through its attorneys, states the following:

### NATURE OF THE ACTION AND THE PARTIES

1.      In this action, Bigelow seeks injunctive and monetary relief for acts of trademark infringement, false designation of origin, and unfair competition, under federal and state law. This action arises under the Lanham Act, Title 15 of the United States Code, and the laws of the State of Connecticut, including the Connecticut Unfair Trade Practices Act ("CUTPA").

2.      Plaintiff Bigelow is a corporation organized and existing under the laws of the State of Connecticut and has an address at 201 Black Rock Turnpike, Fairfield, Connecticut 06430.  Bigelow has conducted and is conducting business in interstate commerce and in this judicial district.

3.      On information and belief, Defendant Davidsons, Inc. is a corporation organized and existing under the laws of the State of Nevada.  Defendant has an office at 700 E. Glendale Avenue, Sparks, Nevada  89431.  Defendant has conducted and is conducting

business in interstate commerce, and in this judicial district by selling and offering for sale products through the Internet.

## JURISDICTION AND VENUE

4.       This civil action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., and the laws of the State of Connecticut.  This Court has jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, 1332(a) and 1338(a), and under the principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).   The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.       Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).  A substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.       Bigelow was founded more than seventy years ago as a family-run tea company. With three generations of the Bigelow family operating the business since it was founded, Bigelow is and has been engaged in the marketing and sale in interstate commerce of a variety of high quality teas, including black, green and herbal teas, all of which are blended in this jurisdiction.

7.       At least as early as January 1979, Bigelow adopted its arbitrary and distinctive MINT MEDLEY trademark for use in association with the advertising, offer for sale, distribution and sale of its herb tea.  Upon information and belief, almost immediately upon introduction of the MINT MEDLEY herb tea product, the public and trade identified the source of the herbal tea product by the MINT MEDLEY trademark.

8.       Bigelow is the owner of Federal Trademark Registration No. 1,255,457, issued October 25, 1983 for the MINT MEDLEY trademark for herb teas ("the '457 Registration").

This registration is valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065.   A copy of the '457 Registration is attached hereto as Exhibit A.

9.      Since at least as early as January 1979, and for over three decades, Bigelow has continuously used and is using the MINT MEDLEY trademark in interstate commerce throughout the United States in connection with the advertising, offer for sale, distribution and sale of its herb tea product.

10.      Since 1979, Bigelow has expended substantial sums in advertising and promoting its herb teas in association with the MINT MEDLEY trademark.

11.      Bigelow has sold and distributed substantial amounts of herb tea products in association with the MINT MEDLEY trademark.  Since 1979, Bigelow has sold millions of herb tea products bearing the MINT MEDLEY trademark.

12.      The MINT MEDLEY trademark has achieved widespread recognition among the relevant purchasing public and the trade.

13.      As such, the MINT MEDLEY trademark and the goodwill associated therewith is a valuable asset of Bigelow.

14.      Due to Bigelow's long use, extensive sales, advertising and promotional activities, the MINT MEDLEY trademark has achieved widespread acceptance and recognition among the relevant purchasing public and the trade throughout the United States.  The MINT MEDLEY trademark has become immensely valuable due, at least in part, to the significant goodwill and recognition earned as a result of Bigelow's long history of sales and successful advertising efforts under this trademark.

15.      The arbitrary and distinctive trademark MINT MEDLEY identifies Bigelow as the source or origin of goods bearing, sold under, distributed and advertised in association with the trademark and Bigelow enjoys valuable goodwill in its trademark.

**Defendants' Activities**

16.     On information and belief, Defendant is engaged in the business of, among other things, manufacturing, advertising, packaging, distributing offering for sale, and selling tea products, including herb tea products.

17.     Long after Bigelow adopted and used its well established trademark, and long after the MINT MEDLEY trademark had acquired distinctiveness among the relevant purchasing public and the trade, Defendant, without authorization from Bigelow, adopted and used in interstate commerce the mark MINT MEDLEY in connection with a competing herb tea product.

18.     On information and belief, Defendant adopted the trademark with full and actual knowledge of Bigelow's distinctive trademark.  Defendant adopted the trademark MINT MEDLEY without Bigelow's express or implied consent.

19.     On information and belief, Defendant adopted the trademark with the intent to trade and capitalize on the goodwill generated by Bigelow's extensive and widespread use of its trademark, as well as its extensive sales, advertising and consumer acceptance and recognition.

20.     Defendant's use of a colorable imitation of Bigelow's MINT MEDLEY trademark is likely to cause confusion, mistake and deception among the relevant consuming public.  Consumers likely will believe that the herb tea products displayed, offered for sale and sold by Defendant are actually Bigelow's herb tea products, or are in some way associated with or approved by Bigelow, or that such products otherwise originate from the same source as do Bigelow's products.  Defendant's use of Bigelow's MINT MEDLEY trademark is likely to cause significant confusion, mistake and deception among the relevant consuming public and the trade.

21.     Despite notice of Bigelow's claims, Defendant has refused to discontinue its infringing activities.

22.     Bigelow has been irreparably injured and monetarily damaged by Defendant's acts.  Bigelow has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement, 15 U.S.C. § 1114(1)

23.     Bigelow repeats and realleges the allegations in Paragraphs 1-22.

24.     Defendant's use, offer for sale, and/or sale of herb tea products bearing a trademark that copies or simulates Bigelow's MINT MEDLEY trademark is likely to cause confusion, mistake or deception as to origin, sponsorship or approval and therefore constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25.     Defendant's complained-of acts are willful and have damaged Bigelow, and unless restrained will continue to damage Bigelow, including causing irreparable injury to its reputation and goodwill.  Bigelow has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

26.     Bigelow repeats and realleges the allegations in Paragraphs 1-25.

27.     Defendant's unauthorized use, distribution, advertising, offer for sale, and/or sale of herb tea products bearing the trademark MINT MEDLEY constitutes a false designation of origin that is likely to cause confusion, mistake or deception as to origin, sponsorship or approval and therefore constitutes unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

28.     Defendant's unauthorized use, distribution, advertising, offer for sale, and/or sale of herb tea products bearing the trademark MINT MEDLEY constitutes a false representation that is likely to cause confusion, mistake and/or deceive the consuming public as to the affiliation

and/or connection of Defendant's herb tea products as originating from or being sponsored by Bigelow when, in fact, they are not.

29.     Defendant's complained-of acts are willful and have damaged Bigelow, and unless restrained will continue to damage Bigelow, including causing irreparable injury to its reputation and goodwill.  Bigelow has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

Unfair Competition and Trademark Infringement Under Connecticut Common Law

30.     Bigelow repeats and realleges the allegations in Paragraphs 1-29.

31.     By reason of the foregoing acts, Defendant has violated and infringed Bigelow's common law rights in its trademark MINT MEDLEY and has competed unfairly with Bigelow, in violation of the common law of the State of Connecticut.

32.     Defendant's complained-of acts are willful and have damaged Bigelow, and unless restrained will continue to damage Bigelow, including causing irreparable injury to its reputation and goodwill.  Bigelow has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

Violation of  CUTPA, Con. Gen. Stat. § 42-110b

33.     Bigelow repeats and realleges the allegations in Paragraphs 1-32.

34.     By reason of the foregoing acts, Defendant, in the course of its trade or commerce, has engaged in unfair trade practices and/or deceptive practices in violation of CUTPA by the unauthorized use, distribution, offer for sale, advertising, and/or sale of goods bearing a reproduction, counterfeit, copy, or colorable imitation of the trademark MINT MEDLEY.

35.     Defendant's complained-of acts are willful and have damaged Bigelow, and unless restrained will continue to damage Bigelow, including causing irreparable injury to its reputation and goodwill.  Bigelow has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Bigelow demands judgment against Defendant as follows:

A.     Preliminary and permanently enjoining Defendant and its officers, directors, agents, servants, employees, attorneys, and those persons, firms or corporations acting in concert and participation with them, from any manufacture, advertisement, promotion, offer for sale, sale, purchase, distribution, movement or transfer of, or any other involvement with goods bearing the MINT MEDLEY trademark, or any other colorable imitation of Bigelow's distinctive trademark;

B.     Finding that Defendant has infringed Bigelow's MINT MEDLEY trademark and has engaged in acts of unfair competition;

C.     Ordering an accounting by Defendant to Bigelow of any profits gained from the sale of its goods bearing the trademark MINT MEDLEY, or sold in association with the trademark MINT MEDLEY, or any other colorable imitation of Bigelow's trademark under 15 U.S.C. § 1117;

D.     Awarding damages to Bigelow in an amount yet to be determined, including damages for injury to Bigelow's business reputation and goodwill and all other damages arising out of Defendant's acts of infringement, false designation of origin and unfair competition under 15 U.S.C. § 1117;

E.     Entering an award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a);

F.    Entering an award of three times the amount of Bigelow's damages or Defendant's profits, whichever is greater under 15 U.S.C. § 1117;

G.    Ordering destruction of all infringing materials pursuant to 15 U.S.C. § 1118;

H.    Awarding damages to Bigelow in an amount yet to be determined, including damages for injury to Bigelow's business reputation and goodwill and all other damages arising out of Defendant's acts of infringement, false designation of origin, and unfair competition, pursuant to CUTPA, Conn. Gen. Stat. § 42-110g(a);

I.    Awarding punitive damages to Bigelow under CUTPA, Conn. Gen. Stat. § 42-110g(a);

J.    Awarding Bigelow its costs and attorneys' fees under CUTPA, Conn. Gen. Stat. § 42-110g(d); and

K.    Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Bigelow demands trial by jury on all claims and issues so triable.

Dated: November 18, 2015

By:   R.C. BIGELOW INC.


*s/ Sean M. Fisher*_____

BRENNER, SALTZMAN & WALLMAN LLP
Sean M. Fisher (ct23087)
Email:  sfisher@bswlaw.com
271 Whitney Avenue
New Haven, CT  06511
Telephone: (203) 772-2600
Facsimile:  (203) 562-2098

and

COOPER & DUNHAM LLP
Norman H. Zivin (Ct 08103)
Email: nzivin@cooperdunham.com
Peter D. Murray (to be admitted pro hac vice)
Email: pmurray@cooperdunham.com
Tonia A. Sayour (to be admitted pro hac vice)
Email: tsayour@cooperdunham.com
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 278-0400
Facsimile: (212) 391-0525

Attorneys for Plaintiff